UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELICA NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3781-B |
| | § | |
| SHERRON ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sherron Associates, Inc.'s ("Sherron") Motion to Dismiss Plaintiff's First Amended Complaint, filed February 3, 2015. Doc. 12. For the reasons that follow, the Court is of the opinion that the motion should be, and hereby is, **DENIED**.

### I.

### BACKGROUND

This is a suit for unlawful employment discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff Angelica Nelson is an African American woman who worked as an Assistant Property Manager at the Eagle Pointe Apartments in Duncanville, Texas from October 15, 2012 until her termination on February 4, 2013. Doc. 8, First Amended Complaint ("FAC") ¶¶ 5.01, 5.23, 5.25. The Eagle Pointe Apartments are managed by NAP/Springman Fund V d/b/a Eagle Pointe Apartments ("NAP"), but owned by Sherron. *Id.* ¶ 6.02.

Plaintiff claims that, during her employment at the Eagle Pointe Apartments, she was discriminated against due to her race and subjected to a hostile work environment by her immediate

supervisor DeAnna Seward, who made repeated racially insensitive and derogatory comments to Plaintiff and other minority employees and residents of NAP and the Eagle Point Apartments. *Id.* ¶¶ 5.05–5.17. Plaintiff further avers that she was terminated in retaliation for complaining about Seward's behavior to NAP/Sherron. *Id.* ¶¶ 5.18–5.26.

After first obtaining a right to sue letter from the Equal Employment Opportunity Commission, Plaintiff filed the instant suit against Sherron on October 22, 2014. Doc. 1, Complaint. Sherron now moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 12.

## II.

## LEGAL STANDARDS AND ANALYSIS

Sherron moves to dismiss Plaintiff's action on two grounds. First, Sherron moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, because according to Sherron, it is not an "employer" under Title VII. Doc. 12, Def.'s Br. at 8. Second, Sherron moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) on the grounds that no employment relationship ever existed between Plaintiff and Sherron, only between Plaintiff and NAP. *Id.* at 7. Because different legal standards govern Rule 12(b)(1) and (b)(6) motions, the Court treats each of these grounds as separate motions and reviews each according to the applicable legal standard.

A. *Sherron's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "In ruling on a motion to dismiss

for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

In this case, Sherron moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, on the grounds that Sherron is not an "employer" under Title VII because it employed fewer than fifteen employees during the period that Plaintiff worked at the Property. Def.'s Br. at 8. In so moving, however, Sherron has mistaken Title VII's numerosity requirement as a jurisdictional one.

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1). In its umbrella "Definitions" section, Title VII defines the term "employer" (along with 12 other terms) as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." *Id.* § 2000e(b). Congress included this employee-numerosity requirement "[t]o spare very small businesses from Title VII liability." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006).

For a time, a circuit split existed as to whether Title VII's employee-numerosity requirement was an element of a Title VII claim or a jurisdictional threshold that must be crossed to maintain a cause of action in federal court, with the Fifth Circuit, among others, taking the latter position. *See,*

*e.g.*, *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 225 (5th Cir. 2004) (citing *Dumas v. Town of Mt. Vernon*, 612 F.2d 979–80 (5th Cir. 1980) (cited by Sherron)). In *Arbaugh*, however, the Supreme Court resolved this division among the circuits by holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim, not a jurisdictional issue." *Id.* at 516. Instead, the Court observed that the Act broadly authorizes the federal courts to exercise jurisdiction over actions "brought under" Title VII and that Title VII is unquestionably a "la[w] of the United States" for the purposes of establishing federal jurisdiction under 28 U.S.C. § 1331. *Id.* at 505. Because all of Plaintiff's claims in this matter are brought under Title VII, there is no question that this Court has jurisdiction to adjudicate her dispute.

B.   *Sherron's Motion to Dismiss for Failure to State a Claim*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

Here, Sherron argues that Plaintiff cannot establish a claim against it under Title VII because no employment relationship ever existed between Plaintiff and Sherron, only between Plaintiff and NAP. Def.'s Br. at 7. Sherron bases its argument on facts set forth in the Affidavits of DeAnna Seward, the Property Manager at the Eagle Point Apartments, and Tom Armstrong, the Vice President of Development and Construction at Sherron, and attachments thereto. Doc. 12-1, Seward Aff. and Exhibits A-1–A-4; Doc. 12-7, Armstrong Aff. In response, Plaintiff argues that NAP was Plaintiff's employer on paper only; Plaintiff's job duties, training, and obligation came directly from Sherron and its owner C. Edward Springman, who according to Plaintiff, also owns, operates, and manages NAP. Doc. 15, Pl.'s Resp. Br. at 3.

Before the Court can decide Sherron's Rule 12(b)(6) motion, however, the Court must determine how to treat the materials submitted by Sherron. It is well-settled that where a Rule 12(b)(6) motion to dismiss is supported by materials outside the pleadings, the Court may, in its complete discretion, accept the materials and convert the motion into a motion for summary judgment under Rule 56, or reject or ignore the materials. *Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988). It may not, however, accept the materials and consider the motion under Rule 12(b)(6). Fed. R. Civ. P 12(d) ("If … matters outside the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000) (stating that courts may "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts"). In deciding whether to accept or reject material outside the pleadings, courts will generally consider "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (3d ed.); *accord. Isquith*, 847 F.2d at 193 n. 3.

After reviewing the material submitted by Sherron in support of its Rule 12(b)(6) motion to dismiss, the Court concludes that it is not likely to facilitate disposition of this action. A two-step process is required to determine whether a defendant is an "employer" under Title VII. "First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant." *Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n.2 (5th Cir. 1993). Because, as discussed below, both of these steps require factually-intensive inquiries, the Court concludes that it would be inappropriate to decide whether Sherron was Plaintiff's "employer" under Title VII until both parties have had the opportunity to conduct discovery on the issue. Instead, the Court will merely review Plaintiff's complaint to determine if it states sufficient facts from which the Court can reasonably infer that Sherron was Plaintiff's employer.

Title VII defines "employer" as "a person . . . who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

[and] any agent of such a person." *Id.* "However, Title VII's scope is not necessarily limited to direct or titular employers. Superficially distinct entities may be exposed to Title VII liability when they and the direct employer comprise a single, 'integrated enterprise.'" *Lavergne v. HCA Inc.*, 452 F. Supp. 2d 682, 689 (E.D. Tex. 2006) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-404 (5th Cir.1983)). To determine when an integrated enterprise exists, courts consider four factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Chaiffetz v. Robertson Research Holding, Ltd.*, 798 F.2d 731, 735 (5th Cir. 1986); *Trevino*, 701 F.2d at 404. Of these factors, the Fifth Circuit has placed the "highest importance" on the second, which it has narrowed to an inquiry of "what entity made the final decisions regarding employment matters related to the person claiming discrimination." *Chaiffetz*, 798 F.2d at 735.

To determine whether an employment relationship exists between the defendant and the plaintiff, this circuit applies a hybrid test that combines the elements of the economic realities and common law control tests. *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 505 (5th Cir. 1994) (citing *Mares v. Marsh*, 777 F.2d 1066, 1067 (5th Cir.1985)); *see also Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993); *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990). Under this hybrid test, courts focus on whether the defendant had the right to control the means and manner of the plaintiff's work in light of the economic realities of their relationship, such as whether the defendant paid plaintiff's salary, withheld taxes, provided benefits, and set the terms and conditions of the plaintiff's employment. *Fields*, 906 F.2d at 1019 (citing *Mares*, 777 F.2d at 1068).

In her complaint, Plaintiff alleges that Sherron is the owner of multiple alter ego companies,

including NAP, that run individual apartment complexes like the Eagle Pointe Apartments, where Plaintiff was employed as an Assistant Property Manager. FAC ¶¶ 5.03, 6.02. Further, "Sherron would set up all policies and procedures for each of [its] alter ego companies." *Id.* ¶ 6.02. Also, according to Plaintiff, Sherron has at least fifteen employees. *Id.* Although Plaintiff confuses "alter ego" doctrine, which allows a plaintiff to "pierce the corporate veil" and hold individual owners and shareholder's liable for a corporation's actions, *see Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986), with the "integrated enterprise" doctrine, which permits a Plaintiff to treat two or more entities as one integrated employer for the purposes of establishing Title VII liability, *see Trevino*, 701 F.2d at 403–404, the Court nonetheless finds the allegations in Plaintiff's complaint are sufficient to support the reasonable inference that Sherron and NAP were an integrated enterprise that had more than fifteen employees and with which Plaintiff had an employment relationship. As such, the Court will permit Plaintiff to proceed with her claims to hold Sherron liable under Title VII.

## III.

## CONCLUSION

For the aforementioned reasons, the Court concludes that it has subject matter jurisdiction over Plaintiff's Title VII claims and that Plaintiff has stated plausible claims for relief against Sherron under the theory that Sherron and NAP constituted an integrated enterprise. However, to proceed under an integrated enterprise theory of liability, Plaintiff must name as defendants both companies that comprise the integrated enterprise. *Trevino*, 701 F.2d at 403. Accordingly, the Court hereby **DENIES** Sherron's Motion to Dismiss, but directs Plaintiff to amend her complaint by **no later than Monday, June 22, 2015** to add NAP as a defendant. Failure to do so will result in dismissal of Plaintiff's case.

SO ORDERED.

Dated: June 3, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE